Commonwealth, Respondent, *v.* Holliday,
Petitioner.

Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POM-
EROY, NIX and MANDERINO, JJ.

*John P. Moses,* with him *Charles P. Gelso, Malcolm M. Limongelli,* and *Joseph P. Sindaco,* for petitioner.

*Patrick J. Toole, Jr.,* District Attorney, for Commonwealth, respondent.

ORDER PER CURIAM, June 29, 1973: AND NOW, this 29th day of June, 1973, upon consideration of the within petition, it appearing from the record that the Commonwealth failed to introduce any evidence in the trial court pursuant to Rules 4002 or 4005 of the Pennsylvania Rules of Criminal Procedure and failed to file an answer in opposition to the within petition before this Court, and it further appearing that no findings of fact

were made by the trial court, the matter is remanded to the Court of Common Pleas of Luzerne County with instructions to conduct a hearing and make proper findings under Rule 4005 of the Pennsylvania Rules of Criminal Procedure.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE JONES:

I am unalterably opposed to the Order made this day, June 29, 1973, by a majority of this Court because I do not believe that a person *charged* with murder is entitled to any bail.

I have steadfastly refused to follow the mandate of this Court in *Commonwealth v. Truesdale,* 449 Pa. 325, 296 A. 2d 829 (1972), and do not believe that the decision of a majority of the United States Supreme Court in *Furman v. Georgia,* 408 U.S. 238, 92 S. Ct. 2726 (1972), upon which *Truesdale* is based, requires that persons *charged* with murder are entitled to bail. Moreover, to set up, as does *Truesdale,* the requirement, as a prerequisite to the grant of bail, that the courts determine the likelihood that a person *charged* with murder will appear when required is to impose on courts a burden which cannot be sustained with even the slightest degree of certainty.

In the instant case, we have a striking example of the disastrous effect of *Truesdale.*

I will not free on bail and return to the streets a person *charged* with murder. Needless to say, I would not grant bail to a person convicted of murder but not yet sentenced or a person convicted of murder and sentenced who has an appeal pending from such sentence.

I regret that our Court in *Truesdale* and its progeny has adopted a view which treats *so liberally* the rights of those accused of murder and *so lightly* the rights of society.